1  ROBERT S. AARON (SBN 138903)
   TIMOTHY C. WILSON (SBN 173928)
2  AARON & WILSON, LLP
   150 Post Street, Suite 400
3  San Francisco, California 94108
   Telephone:   (415) 438-7800
4  Facsimile:   (415) 438-7808
   rsaaron@aaron-wilson.com
5
   **Attorneys for Plaintiff**
6  VERONICA AVELAR

*ORIGINAL FILED*

*FEB - 8 2007*

*RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA*

*E-filing*

*MJJ*

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10  VERONICA AVELAR,                          Case No. **C 07 0814**

11           Plaintiff,                        **COMPLAINT FOR DAMAGES**

12      v.                                     1)  Violation Of Federal Civil Rights (42
                                                   U.S.C. § 1983)
13  YOUTH AND FAMILY ENRICHMENT               2)  Violation Of Ralph Act (Civ. Code §
    SERVICES dba FIRST CHANCE                     51.7)
14  NORTH; FIRST CHANCE NORTH; and            3)  Violation of Unruh Civil Rights Act
    FLOYD BURRELL,                                (Civ. Code § 51.7)
15                                             4)  Sexual Battery (Civ. Code § 1708.5)
             Defendants.                       5)  Intentional Infliction of Emotional
16                                                 Distress
                                               6)  Negligent Infliction of Emotional
17                                                 Distress
                                               7)  Negligence
18
                                               **Demand For Trial By Jury**
19

20       Plaintiff VERONICA AVELAR hereby complains against Defendants YOUTH

21  AND FAMILY ENRICHMENT SERVICES dba FIRST CHANCE NORTH; FIRST

22  CHANCE NORTH; and FLOYD BURRELL and alleges as follows:

23                              **PARTIES**

24       1.      Plaintiff VERONICA AVELAR ("AVELAR") is a natural person currently

25  residing in the County of San Mateo, State of California.

26       2.      AVELAR is informed and believes, and thereon alleges, that at all times

27  relevant herein, Defendant YOUTH AND FAMILY ENRICHMENT SERVICES was a

28  domestic corporation organized and existing under the laws of the State of California,

                                        1

1 │ and doing business in the County of San Mateo, State of California, under the name

2 │ FIRST CHANCE NORTH.

3 │     3.     AVELAR is informed and believes, and thereon alleges, that at all times

4 │ relevant herein, Defendant FIRST CHANCE NORTH was an entity of a type, form and

5 │ domicile presently unknown.

6 │     4.     AVELAR is informed and believes, and thereon alleges, that at all times

7 │ relevant herein, whether FIRST CHANCE NORTH was a separate legal entity as

8 │ alleged in paragraph 3 of this complaint, or a fictitious business name as alleged in

9 │ paragraph 2 of this complaint, it functioned as a 24-hour program that served as an

10 │ alternative to jail for persons arrested for driving under the influence or public

11 │ intoxication. Services included housing during the period of inebriation, substance

12 │ abuse assessment, referral services and extended case management. Hereinafter,

13 │ YOUTH AND FAMILY ENRICHMENT SERVICES doing business as FIRST CHANCE

14 │ NORTH and FIRST CHANCE NORTH as a separate legal entity will collectively be

15 │ referred to as "FIRST CHANCE."

16 │     5.     AVELAR is informed and believes, and thereon alleges, that at all times

17 │ relevant herein, Defendant FLOYD BURRELL ("BURRELL") was a natural person

18 │ under the employ of FIRST CHANCE at the facility commonly known as FIRST

19 │ CHANCE NORTH located at 383 East Grand Avenue, Suite D, City of South San

20 │ Francisco, County of San Mateo, State of California. BURRELL was working the

21 │ graveyard shift in the early morning hours of February 12, 2005.

22 │     6.     AVELAR is informed and believes, and thereon alleges, that at all times

23 │ relevant herein, each of the defendants was the owner, agent, servant, subsidiary, joint

24 │ venturer, consultant, associate, employee and/or partner of each of the remaining

25 │ defendants, and in doing or failing to do the things herein alleged, was acting within the

26 │ course and scope of his, her or its authority as such owner, agent, servant, subsidiary,

27 │ joint venturer, consultant, associate, employee and/or partner with the permission,

28 │ consent and approval of the other defendants.

1

**JURISDICTION**

2      7.     AVELAR is informed and believes, and thereon alleges, that jurisdiction is

3   proper pursuant to 28 U.S.C. section 1331 in that the case arises under the Constitution,

4   laws, or treaties of the United States including, but not limited to 42 U.S.C. section 1983.

5

**VENUE**

6      8.     Venue in the Northern District of California is proper in that some, if not

7   all, of the wrongful acts alleged herein occurred within the County of San Mateo.

8

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9      9.     On or about February 12, 2005, at approximately 3:01 a.m., AVELAR was

10   arrested by the Colma Police Department for among other offenses, a violation of

11   California Vehicle Code section 23152, subdivisions (A) and (B), more commonly

12   known as driving under the influence.

13      10.     Following the arrest, the Colma Police Department transported AVELAR

14   to FIRST CHANCE NORTH at the address set forth above, where she was involuntarily

15   confined.

16      11.     After the Colma Police Department officer departed from the facility,

17   AVELAR was alone with BURRELL whom she understood to be, and was in fact, in a

18   position of authority over her person and property for the duration of her confinement.

19   BURRELL was an imposing African American male approximately 6 feet in height, 200

20   pounds with a muscular build.

21      12.     During the initial screening, BURRELL asked AVELAR if she had a

22   boyfriend.  AVELAR responded affirmatively.  Following the screening, AVELAR was

23   admitted and taken to a room that was used to house female arrestees ("the Room").

24   There was a separate room used to house male arrestees.  AVELAR was the only

25   individual in the Room.

26      13.     After AVELAR had been in the Room for a period of time, BURRELL

27   entered and began conversing with her.  BURRELL asked AVELAR whether she had

28   ever cheated on her boyfriend.  BURRELL also asked whether she had ever had sex

1   with a black man.  Attempting to avoid such discussions, AVELAR responded by

2   continually asking to be released.  BURRELL next asked AVELAR if she would give

3   him a "blow job."  BURRELL then immediately pulled down his pants exposing his penis

4   which appeared to have had fluid from ejaculation on it.  In an effort to distract

5   BURRELL, and avoid being forced to orally copulate him, AVELAR asked BURRELL

6   about the fluid on his penis.  BURRELL advised him that he was aroused and that it

7   had been a long time since he had engaged in sexual activity with another.  BURRELL

8   then moved behind AVELAR and pulled down her pants and underwear.  He then

9   attempted, albeit unsuccessfully, to insert his penis into AVELAR'S vagina.  Hoping to

10   avoid being raped or sodomized, AVELAR then encouraged BURRELL to orally

11   copulate her which he did.  BURRELL then left the Room.

12       14.    AVELAR was released early the following morning.

13       15.    Subsequent to her release, BURRELL made repeated telephone calls to

14   AVELAR.  These telephone calls were made to AVELAR'S cellular and home

15   telephones.  AVELAR did not return any of these telephone calls, and by reason of

16   BURRELL'S persistent attempts at telephonic contact, AVELAR ceased answering the

17   telephone.

18       16.    AVELAR is informed and believes, and thereon alleges, that in doing the

19   acts described above, BURRELL was acting within the course and scope of his

20   employment with FIRST CHANCE in that he misused his official authority over AVELAR

21   to commit the above-described wrongful acts, thereby rendering FIRST CHANCE

22   vicariously liable for the conduct of BURRELL under the doctrine of respondeat

23   superior in the state law claims.

24       17.    AVELAR is further informed and believes, and thereon alleges, that the

25   conduct described above was despicable in that it amounted to malice and oppression

26   as those terms are defined in California Civil Code section 3294, subdivisions (c)(1) and

27   (c)(2), respectively.

28   ///

Complaint for Damages

4

1

2

## FIRST CLAIM FOR RELIEF
## VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S.C. § 1983)
### (Alleged Against BURRELL)

3

4

18.     AVELAR re-alleges paragraphs 1 through 17, inclusive, and by this reference, fully incorporates into this claim for relief, each of the allegations contained therein.

5

6

19.     AVELAR is informed and believes, and thereon alleges, that BURRELL intentionally, and/or with deliberate indifference, engaged in the conduct described above.

7

8

9

20.     AVELAR is informed and believes, and thereon alleges, that BURRELL was acting and/or purporting to act in the performance of his official duties under color of state law.

10

11

12

21.     AVELAR is informed and believes, and thereon alleges, that BURRELL'S conduct violated, among other rights, her constitutional right under the Eighth Amendment to the United States Constitution to be free from sexual abuse while in custody.

13

14

15

16

22.     As a direct and proximate result of the sexual abuse to which AVELAR was subjected by BURRELL, AVELAR suffered severe emotional distress including, but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, in an amount according to proof at trial.

17

18

19

WHEREFORE, AVELAR prays judgment against Defendant BURRELL as hereafter set forth.

20

21

22

## SECOND CLAIM FOR RELIEF
## VIOLATION OF RALPH ACT (Civ. Code § 51.7)
### (Alleged Against All Defendants)

23

24

23.     AVELAR re-alleges paragraphs 1 through 17, inclusive, and by this reference, fully incorporates into this claim for relief, each of the allegations contained therein.

25

26

24.     BURRELL threatened to, and in fact committed violent acts against AVELAR as described above.

27

28

1    25.    AVELAR is informed and believes, and thereon alleges, that a motivating

2    reason for BURRELL'S conduct was AVELAR'S sex and/or race.

3    26.    As a direct and proximate result of the Ralph Act violation to which

4    AVELAR was subjected by BURRELL, AVELAR suffered severe emotional distress

5    including, but not limited to, suffering, anguish, fright, horror, nervousness, grief,

6    anxiety, worry, shock, humiliation and shame, in an amount according to proof at trial.

7    WHEREFORE, AVELAR prays judgment against defendants, and each of them,

8    as hereafter set forth.

9
### THIRD CLAIM FOR RELIEF
### VIOLATION OF UNRUH CIVIL RIGHTS ACT (Civ. Code §§ 51, 52)
10    ### (Alleged Against All Defendants)

11    27.    AVELAR re-alleges paragraphs 1 through 17, inclusive, and by this

12    reference, fully incorporates into this claim for relief, each of the allegations contained

13    therein.

14    28.    BURRELL denied, discriminated and/or made a distinction that denied full

15    and equal accommodations, advantages, facilities, privileges and/or services to

16    AVELAR.

17    29.    AVELAR is informed and believes, and thereon alleges, that a motivating

18    reason for BURRELL'S conduct was AVELAR'S sex and/or race.

19    30.    As a direct and proximate result of the Unruh Civil Rights Act violation to

20    which AVELAR was subjected by BURRELL, AVELAR suffered severe emotional

21    distress including, but not limited to, suffering, anguish, fright, horror, nervousness,

22    grief, anxiety, worry, shock, humiliation and shame, in an amount according to proof at

23    trial.

24    WHEREFORE, AVELAR prays judgment against defendants, and each of them,

25    as hereafter set forth.

26    ///

27    ///

28    ///

## FOURTH CLAIM FOR RELIEF
## <u>SEXUAL BATTERY (Civ. Code § 1708.5)</u>
### (Alleged Against All Defendants)

31.     AVELAR re-alleges paragraphs 1 through 17, inclusive, and by this reference, fully incorporates into this claim for relief, each of the allegations contained therein.

32.     AVELAR is informed and believes, and thereon alleges, that in doing the acts described above, BURRELL acted with the intent to cause a harmful or offensive contact with an intimate part of AVELAR'S body, and as a result of these actions, a sexually offensive contact occurred.

33.     AVELAR is informed and believes, and thereon alleges, that in doing the acts described above, BURRELL acted with the intent to cause a harmful or offensive contact with AVELAR'S body by use of an intimate part of his body, and as a result of these actions, a sexually offensive contact occurred.

34.     AVELAR is informed and believes, and thereon alleges, that in doing the acts described above, BURRELL acted with the intent to cause an imminent apprehension of:  a) a harmful or offensive contact with an intimate part of AVELAR'S body; or b) a harmful or offensive contact with AVELAR'S body by use of an intimate part of his body, and as a result of these actions, a sexually offensive contact occurred.

35.     As a direct and proximate result of the sexual battery to which AVELAR was subjected by BURRELL, AVELAR suffered severe emotional distress including, but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, in an amount according to proof at trial.

WHEREFORE, AVELAR prays judgment against defendants, and each of them, as hereafter set forth.

///

///

///

///

Complaint for Damages

### FIFTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (Alleged Against All Defendants)

36.    AVELAR re-alleges paragraphs 1 through 17, inclusive, and by this reference, fully incorporates into this claim for relief, each of the allegations contained therein.

37.    BURRELL'S conduct, as described above, was outrageous.

38.    AVELAR is informed and believes, and thereon alleges, that in doing the acts described above, BURRELL intended to cause and/or acted with reckless disregard of the probability of causing AVELAR to suffer emotional distress.

39.    As a direct and proximate result of BURRELL'S wrongful conduct as described above, AVELAR suffered severe emotional distress including, but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, in an amount according to proof at trial.

WHEREFORE, AVELAR prays judgment against defendants, and each of them, as hereafter set forth.

### SIXTH CLAIM FOR RELIEF
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
#### (Alleged Against All Defendants)

40.    AVELAR re-alleges paragraphs 1 through 17, inclusive, and by this reference, fully incorporates into this claim for relief, each of the allegations contained therein.

41.    AVELAR is informed and believes, and thereon alleges, that BURRELL'S conduct, as described above, was negligent.

42.    As a direct and proximate result of BURRELL'S wrongful conduct as described above, AVELAR suffered severe emotional distress including, but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, in an amount according to proof at trial.

WHEREFORE, AVELAR prays judgment against defendants, and each of them, as hereafter set forth.

8

## SEVENTH CLAIM FOR RELIEF
## NEGLIGENCE
### (Alleged Against All Defendants)

43.     AVELAR re-alleges paragraphs 1 through 17, inclusive, and by this reference, fully incorporates into this claim for relief, each of the allegations contained therein.

44.     AVELAR is informed and believes, and thereon alleges, that BURRELL'S conduct, as described above, was negligent.

45.     AVELAR is further informed and believes, and thereon alleges, that FIRST CHANCE was negligent in its hiring, screening, training, monitoring, supervising, disciplining, and/or otherwise managing BURRELL.

46.     As a direct and proximate result of the negligence of defendants, and each of them, AVELAR suffered severe emotional distress including, but not limited to, suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation and shame, in an amount according to proof at trial.

WHEREFORE, AVELAR prays judgment against defendants, and each of them, as hereafter set forth.

## REQUEST FOR TRIAL BY JURY

47.     AVELAR hereby requests a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, AVELAR prays for judgment against defendants, and each of them, as follows:

1.     For past and future compensatory damages in amount according to proof at trial;

2.     For statutory penalties including, but not necessarily limited to, those provided in California Civil Code section 52, subdivisions (a) and (b) in an amount according to proof at trial;

3.     For reasonable attorney's fees as allowed by law in an amount according to proof at trial;

Complaint for Damages

Complaint for Damages

1      4.    For punitive and exemplary damages as allowed by law in an amount

2  according to proof at trial;

3      5.    For interest and cost of suit as allowed by law in an amount according to

4  proof at trial; and

5      6.    For such other and further relief as the court may deem just and proper.

6  Dated:  February 8, 2007          AARON & WILSON, LLP

7

8                      By _____

9                        ROBERT S. AARON
                          **Attorneys for Plaintiff**

10                        VERONICA AVELAR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28